UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JACKIE CALLENDER | : | DOCKET NO. 2:14-cv-02659 |
| VS. | : | JUDGE MINALDI |
| WAL-MART LOUISIANA LLC | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a motion to remand filed by the plaintiff, Jackie Callender (hereinafter "plaintiff") on October 1, 2014, in response to a Notice of Removal filed by the defendant, Wal-Mart Stores Inc., Wal-Mart Louisiana LLC (hereinafter "defendant") on September 5, 2014. For the reasons given below, the plaintiff's motion is hereby **DENIED**.

### I. FACTS & PROCEDURAL HISTORY

On September 29, 2013, the plaintiff alleges to have slipped and fallen on a liquid substance in a dressing room while visiting Wal-Mart Louisiana LLC store number 107 in Oakdale, Louisiana. As a result of her fall, plaintiff claims she suffered injuries to her back, neck, and shoulders. Thereafter she filed a petition in state court seeking damages for loss of enjoyment of life, mental anguish, past and future medical expenses, and past and future pain and suffering. Doc. 7, att. 3 p. 1. The plaintiff's petition did not provide a specific amount of damages.

On December 19, 2013, the defendant submitted numerous interrogatories and requests for admissions to the plaintiff. Among those interrogatories was one asking: "Does the amount in dispute exceed the sum of $75,000.00?" Doc. 9, att. 2, p. 2; *Id.*, att. 3, p. 1  On April 8, 2014 the plaintiff responded to the query by stating that "[t]he exact value of this claim is unknown as

treatment continues. However, we do not anticipate the value of this claim exceeding $75,000.00." See *Id*.

Following these discovery responses the record indicates that the plaintiff had an MRI of the lumbar spine on April 16, 2014. Doc. 9, att. 5, pp. 1-2. In addition, she returned to the doctor twice, once on May 13 and again on June 12, 2014. During those visits, a second MRI of the cervical spine was recommended. Whether this second MRI took place is unclear from the documentation provided but it is evident that the plaintiff was given a referral for physical therapy and that cervical and lumbar spine injections were also recommended. *See* Doc. 9, att. 6. A summary of the plaintiff's medical expenses indicates that from September 30, 2013, the day after the alleged injury, to July 29, 2014, the plaintiff incurred $5,365.60 of medical expenses. *Id*. at p. 7.

On August 11, 2014, counsel for the plaintiff sent a settlement demand letter to the defendant indicating that as a result of the injuries alleged in her complaint, the plaintiff was

> …required to undergo extensive physical therapy and conservative treatment for…nine (9) months. Due to the failure of this treatment, [the treating physician] has recommended cervical and lumbar injections. Ms. Callendar has indicated her willingness to pursue all treatment options.
>
> Based on the above, I propose we settle Ms. Callendar's case for $90,000 plus specials for a total of $95,365.60 and invite your reasonable counter-offer. Below are several cases supporting this demand.
> ...

Doc. 9, att. 4, p. 1. The letter then goes on to list no less than three state court cases in which Louisiana's First, Third, and Fourth Circuits have all awarded in excess of $100,000 for spinal injuries very similar to that alleged by the plaintiff where no surgery was recommended or performed. *Id*. (citing *Fontenot v. Laperouse* 774 So.2d 278 (2000);

*Keller v. City of Plaquemine*, 700 So.2d 1285 (1997); *Courtney v. Williams*, 826 So.2d 594 (2002).

On September 5, 2014, after receipt of this settlement offer, the defendant filed its Notice of Removal in this court. Following removal, on September 10, 2014, the defendant then submitted a counter-offer to the plaintiff's earlier settlement demand letter offering $5,000 for the resolution of the case. Doc. 7, att. 7, p. 1. Upon receipt of the defendant's post-removal counter-offer, the plaintiff claims that it then submitted to the defendant yet another offer of $72,500.00. Doc. 7, p. 2. The plaintiff filed the instant motion to remand on October 1, 2014.

In its Notice of Removal, the defendant argues that the settlement demand it received on August 11, 2014 was its "first notice that this case was removable to Federal Court" because it (1) contained a settlement offer far exceeding the jurisdictional requisite amount of $75,000.00, (2) indicated that plaintiff suffered injuries to her lower back, including multiple disc protrusions in both her lumbar and cervical spine, (3) showed that treatment had failed and that she was required to undergo extensive physical therapy, and finally (4) indicated that cervical and lumbar epidural steroid injections had been recommended and that the plaintiff would be pursuing all recommendations made. Doc. 1, p. 4. The defendant claims that all of this, taken together with the fact that the plaintiff is claiming damages for past and future medical expenses as well as for loss of enjoyment of life, mental anguish, emotional stress, and past and future pain and suffering indicates that the amount in controversy is clearly met. *Id*. Additionally, the defendant directs our attention to a multitude of Louisiana cases and, notably to those cited by the plaintiff in its settlement offer, *supra*, which indicate that similar and even lesser injuries than those alleged (i.e. those in which only one spinal disc had been injured) have routinely resulted in general damage awards of *at least* $50,000. The plaintiff herein, says the defendant, has allegedly

injured numerous discs in both her cervical and lumbar spine and thus her general damages will easily meet the jurisdictional requisite of $75,000 and, in fact, will likely exceed it.  Doc. 9, pp. 11-12.

In support of remand the plaintiff argues that the statements she provided in her discovery responses, namely that "the exact value of this claim is unknown" and that "we do not anticipate the value of this claim to exceed $75,000" are sufficient to show us to a legal certainty that her claims do not meet the amount required for federal jurisdiction.  Doc. 7, att. 1, pp. 3-4.  Moreover, says the plaintiff, the "other paper" relied on by the defendant (the settlement demand letter) does not indicate with sufficient certainty that the amount in controversy is met.  Indeed, as a general matter, claims plaintiff, "[i]t is common practice for plaintiffs' initial offer of settlement to be higher than the value of the claim, due to the fact that plaintiffs most often reduce their settlement offers during the negotiation process."  The plaintiff then refers us to two post-removal settlement offers in which she sought amounts well below the jurisdictional amount.  *Id*. at p. 5.

Neither party disputes diversity, thus in this case, we are primarily concerned with the issue whether the amount in controversy provision of 28 USC § 1332 is met.  Specifically, and as an initial matter, however, we must assess whether removal was proper under 28 USC § 1446(b).

## II. LAW & ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a) (2013).  District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1) (2013).  The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity

among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). This 30-day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). However, when the initial pleadings do not provide grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2013).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing La. Code Civ. Proc. Art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Lucket*, 171 F.3d at 298.

Even if a defendant meets this burden, remand is still proper if the plaintiff then demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount.

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Plaintiffs can meet this burden by filing a pre-removal binding stipulation or affidavit affirmatively renouncing their right to accept a judgment in excess of $75,000.00. *Id.* at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (*per curiam*).

The amount in controversy is determined on the basis of the record as it exists at the time of removal. *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993). Consequently, post-removal affidavits or stipulations do not deprive the district court of jurisdiction and they are not to be considered in support of remand unless, at the time of removal, the amount in controversy is ambiguous. *Gebbia*, 233 F.3d at 883.

In considering Louisiana's rule on pleading the amount of damages, courts have recognized "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *De Aguilar*, 47 F.3d at 1410. Thus, a plaintiff's stipulation that the damages sought are less than $75,000 does not end the inquiry. *Hampton v. Smart Prof'l Photocopy Corp.*, 2003 WL 13323 at *2 (E.D. La. 2003).

Taking this precedent into consideration, we must first determine whether the plaintiff's settlement demand letter was indeed an "other paper" sufficient to trigger removal of this case, and if so, whether the defendant has established by a preponderance of the evidence that the plaintiff's claim exceeds $75,000. This second inquiry will require us to closely examine the contents of the letter in question.

In making our determination we find pertinent guidance in the defendant's reference to *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000) in which the Fifth Circuit

considered whether a settlement demand letter was an "other paper" under the provision of 28 USC §1446(b). In that case, as in this one, the alleged "other paper" was a letter detailing the plaintiff's settlement offer which read in its entirety: "In our telephone conversation of August 21, 1997, it is my understanding that you offered $5,000 to settle the above referenced case. We counter offer with $250,000. This offer will stand until Friday, September 5, 1997." *Id*. at 760 n. 1. Finding that the letter was an "other paper" sufficient to trigger removal, the court stated that

> the letter in this case complies with our rule that "other paper" must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction. Holding that a post-complaint letter, which is not plainly a sham, may be "other paper" under § 1446(b) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit.

*Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

Accordingly, at the very least, for a settlement demand letter to constitute "other paper," it must first result from a voluntary act of the plaintiff that provides notice to the defendant that federal jurisdiction now exists where it had not before. Also the demand must not be "a sham" or indicate "mere posturing" by the plaintiff but must instead be a reasonable and serious offer that relays an accurate reflection of what he believes the case to be worth. *See Russell v. Home State Cnty. Mut. Ins. Co.*, 2003 WL 22697179 (E.D. La. 2003); *Lee v. Advanced Fresh Concepts Corp.*, 76 F. App'x 523 (5th Cir. 2003).

Applying this test to the facts of this case, we find that the settlement demand letter submitted by the plaintiff was an "other paper" for the purposes of removal under §1446(b). First, the letter by its very nature as a settlement offer reflects a voluntary act on the plaintiff's part to pursue resolution of the case. Second, it is clearly not a "sham." The letter details the plaintiffs' multiple injuries including several disc protrusions in both the lumbar and cervical

spine. It describes the plaintiff's failed treatment ("extensive physical therapy" for nine months) as well as her recommended future treatment (spinal injections) and her "willingness to pursue *all* treatment options." It proposes a settlement offer of $95,365.60, and perhaps most important, it supports that offer by citing three Louisiana appellate court cases that have approved general damage awards well in excess of $100,000 for similar spinal injuries. Doc. 9, att. 4, p. 1. In fact, in one of the cases the plaintiff chose to cite in support of her offer, *Fontenot v. Laperouse* 774 So.2d 278 (2000), the Louisiana Third Circuit specifically stated that "[f]or similar back injuries that have not been subject to an operation, we have *required* an award of *at least* $100,000.00." *Id.* (citing *Fontenot*, 774 So. 2d at 285 (citing *Thompson v. Stalnaker's Restaurant, Inc.*, 640 So.2d 733 (1994); *Mouton v. Bonnett,* 520 So.2d 1145 (1987)) (emphasis added). Lastly, enclosed with the letter were medical records evidencing two doctor's visits, an MRI, and treatment recommendations all arising *after* the plaintiff's initial discovery responses in which she maintained that the value of her claim was still "unknown."

We find that the aforementioned circumstances, taken together, accurately reflect the plaintiff's belief regarding the true value of her claim and that they were more than sufficient to notify the defendant of a change in circumstances warranting federal jurisdiction. Moreover, we find that these circumstances also clearly establish by a preponderance of the evidence that the plaintiff's damages will meet the jurisdictional amount required for us to exercise jurisdiction. Consequently, we conclude that the defendant has met its burden.

It now remains for the plaintiff to show us to a legal certainty that her recovery will not meet the requisite amount. As noted above, she asserts that her statements in discovery (i.e that the value of the case is "unknown" due to continuing treatment but that she does not "anticipate" its value will exceed $75,000.00) are enough to show that her claim will not exceed $75,000.

We disagree. Regardless of what plaintiff might "anticipate" she has affirmatively represented in her first settlement offer that the value of her claim exceeds the jurisdictional amount, providing her previously undisclosed analysis of its value with jurisprudence and documentation delivered for support. There is no evidence of a pre-removal agreement or stipulation that she would not accept more than $75,000 and a mere anticipation on her part (stated after removal) does not satisfy us to a "legal certainty" that the amount in controversy will not be met here.

### III. CONCLUSION

For the reasons stated above, the plaintiffs' motion to remand is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers this 15th day of January, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE